### D. A. January & Co. vs. R. G. Cobb.

C. J. Boatner, J., *ad hoc*. Where two members of plaintiffs' firm were dead at the time of instituting this suit, and counsel afterwards, with leave of the Court, files an appearance for the executor, whom he substitutes for the alleged plaintiffs, and no bill of exception is retained by defendant to this proceeding, but the case is tried contradictorily with the new party, the judgment will not be disturbed on this ground.

2. Where defendant is sued as surety on a bond given to release an attachment levied on the property of E. Dreyfus & Co., who shortly after said bond was given went into bankruptcy before the suit against them in the State Court has been tried, but the plaintiffs in said suit have the assignee cited and prosecute the suit in the State Court, where they obtain judgment against the assignee, fixing the amount of their claim and sustaining the attachment, held by the Circuit Court: Said judgment, in so far as it maintained the attachment and recognized a lien on the property attached, was illegal, unauthorized and inoperative, the sole power of the State Court, after a surrender in bankruptcy, being to determine the amount and validity of claims pending before it. 93 U. S. 358; Sec. 5047 U. S. Statutes; 33 An. 1094. The conditions of the release bond to pay such judgment as might be rendered against the principal never happened, and the surety cannot be held.

3. When plaintiffs prayed to have the assignee cited, the fact of bankruptcy was brought to the notice of the State Court, which was thereafter bound to limit its judgment, as above expressed. 91 U. S. 521.